IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| PAULETTE JONES, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-1468-L |
| | § | |
| EARTH DAY TEXAS, INC. and | § | |
| TRAMMELL S. CROW, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss Under Rule 12(b)(6) (Doc. 14), filed October 10, 2016. After careful consideration of the motion, pleadings, and applicable law, the court **grants** Defendants' Motion to Dismiss Under Rule 12(b)(6). Specifically, the court **dismisses** Plaintiff Paulette Jones's ("Plaintiff" or "Jones") claim against Defendant Earth Day Texas, Inc. ("Earth Day") and Defendant Trammell S. Crow ("Crow"). The court, however, will allow Jones to file an amended pleading.

### I. Factual and Procedural Background

On June 1, 2016, Jones, an African-American female, filed this action against Defendants Earth Day and Crow (collectively, "Defendants"). She contends that she was terminated from her employment because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendants contend that Jones's Original Complaint ("Complaint") should be dismissed because she failed to state a claim upon which relief can be granted. In particular, Defendants contend that: (1) Crow cannot be liable as a matter of law because he is not an employer; (2) Jones failed to exhaust her administrative remedies as to her Title VII claims against Crow; and (3) Jones failed to set forth sufficient allegations to entitle her to relief under Title VII.

**Memorandum Opinion and Order - Page 1**

Jones counters that she has adequately pleaded a claim of race discrimination. Further, she requests that the court allow her to file an amended pleading if it determines that the allegations of her Complaint fail to state a claim upon which relief can be granted.

## II. Rule 12(b)(6) Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas*

*Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St.*

*Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Analysis

#### A. Substantive Allegations of Plaintiff's Complaint

To ensure that the substance of Jones's allegations are not misstated, the court sets forth the factual bases for her claim of race discrimination. Jones alleges as follows:

> 5. Plaintiff began work for Defendants on or about July 15, 2014. Her position was Education Coordinator (a sales leasing agent). As part of her employment she brought in schools and colleges to participate in Earth Day, the actual event put on by Earth Day, Texas Inc.
>
> 6. Plaintiff outsold all other agents and coordinators in all the years that Earth Day, Texas had been extant. She broke sales records for bringing in schools and districts that never before had participated in Earth Day.
>
> 7. Despite her sterling performance, Plaintiff was terminated by Defendants on or about May 13, 2015. She was informed of her termination by Ken Klaveness at the direction of Defendant Crow, who had refused to communicate with Plaintiff for several weeks. According to Defendants, she was terminated for "not being a good faith."
>
> 8. Work conditions at Defendants' workplace were stressful in the extreme. Defendant Crow pushed all agents to work more than the expected 40-hour weeks, causing Plaintiff to see a doctor for stress and flare-ups of fibromyalgia. Defendant Crow made three appointments with Plaintiff after 9:00 p.m. in the evenings and failed and refused to attend any of these meetings.
>
> 9. Part of the workplace stress was based on the false allegations of Susan Boznan, an employee who reported directly to Defendant Crow, who told Crow that Plaintiff was not doing her job. Defendant Crow then began personally

to ask other employees about Plaintiffs performance. Defendant Crows' supervisory style, which included screaming, yelling and shaming Plaintiff, greatly increased the workplace stress level, causing Plaintiff to "walk on eggshells" as she was afraid of Defendant Crow's outbursts of rage. The increased anxiety forced Plaintiff to seek a medical regimen of antidepressants and treatment for increased fibromyalgia.

10. Defendant Crow's rage was not confined to Plaintiff but extended to other African-American employees. Other African-American employees became the object of his outbursts. One African-American employee told Plaintiff that she quit because Defendant Crow yelled at her, threw his glasses down, and screamed in her face that she was not doing her job.

11. During her employment, Plaintiff heard Defendant Crow refer to Reverend Jesse Jackson as a "token black." At the time, Defendant Crow was under the influence of both alcohol and drugs, which was his norm.

12. Defendant Crow, in a conversation with another employee, referred to Plaintiff as an "Uncle Tom."

13. Despite her excellent job performance, Defendant Crow took away her workload in favor of a caucasian male ("Scott") and required her to report to this male.

14. Plaintiff was terminated by Defendants for reasons of racial discrimination.

E.

Cause of Action: Discriminatory Termination

8. In order to prove a cause of action for discriminatory termination, a plaintiff must prove: (a) the plaintiff is a member of a protected group; (2) the plaintiff was qualified for the job that was held; (3) the plaintiff was discharged; and ( 4) after the employer discharged the plaintiff, the employer filled the position with a person who is not a member of a protected group.

9. Plaintiff is a member of a protected group as she is an African-American female.

10. Plaintiff was qualified for the job she held, as she had worked for Defendants since 2014 without incident.

11. Plaintiff was discharged from her job in May 2015.

12. Plaintiff was replaced with a person outside the protected group.

13. As related in Section D above, the reasons given for Plaintiffs discharge were pretextual.

Pl.'s Original Compl. 3-6.

### B. Plaintiff's Claims Against Crow

It is well-settled that only "employers," not individuals acting in their individual capacity, may be liable under Title VII. *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) ("Title VII does not impose liability on individuals unless they are 'employers.'") (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994)). Jones has not set forth any allegations that Crow is her employer. Accordingly, the court will dismiss Jones's Title VII claim against Crow to the extent she asserts these claims against him in his individual capacity.

Defendants also contend that Jones failed to exhaust her administrative remedies as to her Title VII claim against Crow. As the court has ruled that Jones has failed to state a claim as a matter of law, the court finds it unnecessary to address Defendants' contention. Moreover, the court finds Defendants' contention premature, as it will allow Jones the opportunity to amend her pleadings.

### C. Plaintiff's Claims Against Earth Day

To set forth a prima facie case of discriminatory termination, a plaintiff must allege facts from which a court can reasonably infer that "(1) she is a member of a protected class, (2) she was qualified [for the position], (3) she was fired, and (4) she was replaced by someone outside of her protected class." *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (citing *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426 (5th Cir. 2000) (citation omitted). Although Jones discusses the elements of a prima facie case, she does not set forth any allegations that she was terminated because of her race. As Defendants point out, the allegations in Jones's Complaint are lacking in sufficient detail, and the court cannot reasonably infer that Defendants terminated her because of her race in violation of Title VII. Therefore, Jones's allegations fail to state a claim upon which relief can be granted, and the court will dismiss this claim against Earth Day.

### D. Plaintiff's Request to Amend

In response to Defendants' Motion, Jones requested to amend her pleadings in the event the court determined that she failed to state a claim upon which relief can be granted. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow an amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Justice requires that Jones be given an opportunity to replead her claim against Defendants. Jones has not previously amended her pleadings, and she should be afforded the opportunity to correct the deficiencies identified by the court. Therefore, the court will allow Jones to amend her Complaint in accordance with the standard set forth in this Memorandum Order and Opinion.

### IV. Conclusion

For the reasons herein stated, the court **grants** Defendants' Motion to Dismiss. Plaintiff is allowed an opportunity to amend her pleadings in accordance with the standard herein set forth. Plaintiff shall file an amended pleading that addresses the deficiencies identified by the court, and the amended pleading must be filed by **October 12, 2017**. If Plaintiff fails to amend as herein directed, this action may be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or dismissed without prejudice pursuant to Rule Federal

Rule of Civil Procedure 41(b). Defendants may file a second motion to dismiss if they believe that the amended complaint fails to state a claim of race discrimination under Title VII.

**It is so ordered** this 21st day September, 2017.

Sam A. Lindsay
United States District Judge